**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VALERIE B. MOORE,

Petitioner,

v.

LOS COLINAS DETENTION AND REENTRY FACILITY, et al.,

Respondents.

Case No.: 26-cv-3089-BJC-MSB

**ORDER:**

**(1) VACATING SCHEDULING ORDER;**

**(2) CONSTRUING PETITION AS FILED PURSUANT TO 28 U.S.C. § 2241;**

**(3) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]; AND**

**(4) DISMISSING PETITION WITHOUT PREJUDICE**

Petitioner, an inmate confined at the Los Colinas Detention and Reentry Facility in Santee, California, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. ECF Nos. 1, 3. Petitioner claims she has been unlawfully held in custody on a $200,000 bond since November 27, 2025. ECF No. 1 at 2.

//

## I. Procedural Background

On June 10, 2026, the Court issued a scheduling order pursuant to 28 U.S.C. § 2241 and appointed the San Diego office of the Federal Defenders to represent Petitioner. ECF No. 9. However, the present case was filed as an action pursuant to 28 U.S.C. § 2254 and not 28 U.S.C. § 2241. Moreover, the office of Federal Defenders filed a status report stating that "it does not appear that appointment of counsel is necessary or beneficial to Ms. Moore given her ongoing state criminal proceedings and current representation in those proceedings." ECF No. 11 at 2.

Federal Rules of Civil Procedure 60(a) provides that a court may sua sponte "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found" in an order. Fed.R.Civ.P. 60(a). Here, it appears that the scheduling order was entered in error and appointment of counsel is not required. Accordingly, the Court **VACATES** the scheduling order and conditional appointment of counsel pursuant to Rule 60(a).

## II. Basis for Petition

Although Petitioner filed this action pursuant to 28 U.S.C. § 2254, she is a pretrial detainee rather than a state prisoner confined pursuant to a state court judgment and therefore may only proceed with a habeas action in federal court under 28 U.S.C. § 2241. *See White v. Lambert*, 370 F.3d 1002, 1006–07 (9th Cir. 2004) ("Section 2254 is properly understood as 'in effect implement(ing) the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.") Petitioner indicates she has not been convicted but is being detained pending resolution of criminal charges. (*See* ECF No. 1 at 2.) Accordingly, the Court **CONSTRUES** the petition as one filed pursuant to 28 U.S.C. § 2241.

## III. Request to Proceed In Forma Pauperis

Petitioner has submitted an affidavit in support of her *in forma pauperis* motion attesting an inability to pay the $5.00 filing fee. (*See* ECF No. 3.) The Court therefore

**GRANTS** the request to proceed *in forma pauperis*.

## IV. FAILURE TO STATE A COGNIZABLE CLAIM

Upon review, however, the Petition is subject to dismissal because Petitioner has also failed to invoke the Court's jurisdiction. To invoke the Court's subject matter jurisdiction under § 2241, Petitioner must allege she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner alleges violations of state law only. (*See* ECF No. 1 at 2–3.) Because Petitioner fails to state a cognizable federal claim, the Petition must be **DISMISSED**.

## V. ABSTENTION

Finally, even if Petitioner stated a cognizable claim, the case must be dismissed because state court proceedings are ongoing. Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (stating *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"). The Ninth Circuit has explained that: "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate(s) important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek(s) to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Each of those criteria are satisfied here. It is evident that Petitioner's criminal case is ongoing in state court, that those proceedings implicate and involve important state interests, and there is no indication Petitioner cannot petition the state courts for the relief she seeks. Petitioner's claims, which allege violations of state law (*see* ECF No. 1 at 2–3), are the types of claims the state courts provide an opportunity to present. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating "a federal court should assume that state

procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Finally, it appears plain that the federal action sought, habeas relief, would have the effect of enjoining the ongoing state criminal proceedings. *See Younger*, 401 U.S. at 43–44 (holding that courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief").

Accordingly, because Petitioner has not demonstrated that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering in her ongoing state criminal proceedings, abstention is required, and the Petition is therefore **DISMISSED** without prejudice. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action without prejudice).

## VI. CONCLUSION

For the reasons discussed above the Court:

1) **VACATES** the scheduling order,

2) **CONSTRUES** the Petition as brought pursuant to 28 U.S.C. § 2241,

3) **GRANTS** Petitioner's motion to proceed *in forma pauperis* (ECF No. 3), and

4) **DISMISSES** the Petition without prejudice.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Honorable Benjamin J. Cheeks
United States District Judge